UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,          :
                                   :    97 Cr. 1105 (HB)
   - against -                     :
                                   :    MEMORANDUM
MICHAEL MUNGIN,                    :    OPINION AND ORDER
                                   :
           Defendant.              :
-------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

Defendant Michael Mungin moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).  He claims that Amendment 591 to the United States Sentencing Guidelines, applied retroactively, would lower his sentence of 480 months of imprisonment to a range of 87 to 109 months.  As explained below, because Amendment 591 would not reduce Mungin's sentence, his motion for a modification pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

I.

On November 19, 1999, Mungin pled guilty to one count of attempted murder and three counts of conspiracy to commit murder, all in violation of 18 U.S.C. § 1959(a)(5).  Under the plea agreement, the parties stipulated that the applicable Guidelines range was life imprisonment.  However, the statutory maximum term of incarceration for the offenses to which Mungin pled was 480 months, and on June 8, 2000 this Court sentenced Mungin to 480 months of imprisonment and three years of supervised release.  At sentencing the Defendant confirmed that he had reviewed the Presentence Report with his attorney and had no objections.  Mungin did not appeal, but on June 26, 2001, he filed a collateral attack seeking to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  That petition was denied, as was a subsequent motion for relief pursuant to Federal Rule of Civil Procedure 60 and two motions for certificates of appealability.  On January 6, 2010, the Second Circuit rejected Mungin's application to file a second or successive motion pursuant to 28 U.S.C. § 2255.  Mungin filed the present motion on March 8, 2011, and the Government responded on April 27, 2011.  Mungin is currently incarcerated at the Williamsburg federal correctional institution in Williamsburg County, South Carolina, and his projected release date is December 26, 2033.

II.

1

While a district court may not generally change a sentence once imposed, 18 U.S.C. § 3582(c)(2) allows a court to modify the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ., if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(2); *see also U.S. v. Ferranti*, No. 10 -771-cr, 2011 WL 605275, at *1 (2d Cir. Feb. 22, 2011). A reduction in sentencing range occasioned by Amendment 591 is consistent with applicable policy statements, and may support a motion under § 3582(c)(2). *See* U.S.S.G. § 1b1.10(c). The question in this case is whether Amendment 591 actually reduces Mungin's sentence.

Amendment 591 took effect November 1, 2000, and "requires that the initial selection of the offense guideline be based only on the statute (or offense) of conviction rather than on judicial findings of actual conduct . . . that will never be made by the jury. The Amendment was intended to 'emphasize that the sentencing court must apply the offense guideline referenced in the Statutory Index [at the back of the Sentencing Guidelines Manual] for the statute of conviction.'" *U.S. v. Rivera*, 293 F.3d 584, 585 (2d Cir. 2002) (quoting U.S.S.G. Manual, Supp. to App. C, amend. 591, cmt. at 32 (Nov. 1, 2000)); U.S.S.G. app. C, amend. 591 (2000). It "applies only to the choice of the appropriate offense guideline, not to the selection of the base offense level" set forth by the guideline." *U.S. v. Ferranti*, No. 10 -771-cr, 2011 WL 605275, at *1 (2d Cir. Feb. 22, 2011).

In Mungin's case, all parties agree that the proper offense guideline for conspiracy to commit murder was section 2A1.5, which provided for a base offense level of 28. That guideline provides that "[i]f the offense resulted in the death of a victim, apply § 2A1.1 (First Degree Murder)." § 2A1.5(c)(1). Section 2A1.1 carried a base offense level of 43. Thus, although the initial selection of the offense guideline resulted in a base offense level of 28, because a victim died, the Court adjusted the base offense level to 43.

Mungin argues that section 2A1.5's cross reference to section 2A1.1 is not a mere cross reference, and instead entails an entirely new selection of offense guideline. In keeping with Amendment 591, that selection may not be based on judicial findings of actual conduct not made by a jury. Because the victim's death was not found by a jury in this case, his theory goes, the application of section 2A1.1's base offense level was precluded by Amendment 591. The

2

by a jury. Because the victim's death was not found by a jury in this case, his theory goes, the application of section 2A1.1's base offense level was precluded by Amendment 591. The amendment thus reduces his sentence for purposes of section 3553(c)(2) because it requires the selection of section 2A1.5 and precludes the cross reference to section 2A1.1.

This approach has been rejected by numerous courts. *See Rivera*, 293 F.3d at 585; *U.S. v. Rodriguez*, No. 93 Cr. 339 (JGK), 2009 WL 2033087, at *2 (S.D.N.Y. Jul. 8, 2009) (collecting cases). As the First Circuit cogently explained, using relevant conduct to determine an appropriate cross reference – *after* the initial selection of the applicable offense guideline – is mandated by the Guidelines and consistent with Amendment 591; to accept defendant's argument to the contrary "would largely nullify the numerous cross references appearing in Chapter Two – a result that the Commission clearly did not contemplate in promulgating the amendment." *United States v. Hurley*, 374 F.3d 38, 40 (1st Cir. 2004).

Mungin has confused the "two distinct steps taken to arrive at a guidelines sentence: [1] selection of the applicable *offense guideline*, and [2] selection of the *base offense level* within that applicable offense guideline." *Rivera*, 293 F.3d at 586. The cross reference mandated by section 2A1.5(c)(1) merely increased the base offense level, and did not entail a new initial selection of offense guideline based on the Statutory Index. *See, e.g., Rivera*, 293 F.3d at 585-86. Because Amendment 591 "applies only to the choice of the appropriate offense guideline," *Ferranti*, 2011 WL 605275, at *1, it does not result in a reduced Guidelines range and thus provides no basis for a modification of Mungin's sentence.

III.

For the reasons explained above, Mungin's motion to modify his sentence is DENIED. The Clerk of the Court is directed to close the motion and remove it from my docket, and send a copy of this Memorandum Opinion and Order to the Defendant.

**SO ORDERED.**

New York, New York
May ___, 2011

_____
U.S.D.J.

3